IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIRK A. BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TABB BICKELL, et al. | : | No. 14-2195 |

ORDER

AND NOW, this 23rd day of April, 2015, upon consideration of Brown's pro se petition for a writ of habeas corpus (docket entry # 1), our May 14, 2014 Order referring this matter to the Hon. Lynne A. Sitarski for a Report and Recommendation ("R&R"), Judge Sitarski's R&R (docket entry # 13), and petitioner Brown's objections thereto (docket entry # 18), and the Court finding that:

(a)     On April 12, 2014[1] Brown filed a petition for a writ of habeas corpus raising two claims -- ineffective assistance of counsel and whether the evidence was sufficient to support first-degree murder, Pet. at ¶ 12;

(b)     On December 24, 2014, Judge Sitarski entered a thirty-page R&R reviewing the petitioner's two claims and recommending that his petition for a writ of habeas corpus be denied;

(c)     On February 5, 2015, the Clerk of Court docketed Brown's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Local R. Civ. P. 72.1 (IV)(b) and we must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made [and] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983);

---

[1] Brown's habeas petition was docketed April 14, 2014.

(d) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to grant considerable deference to state court decisions:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless adjudication of the claim--
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[,]

28 U.S.C. § 2254(d);

(e) It is well-established that before filing a Section 2254 petition a petitioner must exhaust all state remedies by fairly presenting each claim, Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see also Picard v. Connor, 404 U.S. 270, 275 (1971), and any unexhausted claim is procedurally defaulted unless it falls into the narrow exception where the petitioner can show (1) cause for the default and actual prejudice, or (2) that a fundamental miscarriage of justice will result from a failure to consider the claim, Coleman v. Thompson, 501 U.S. 722, 749 (1991);

(f) Judge Sitarski's R&R provided a succinct description of the underlying facts:

> On July 7, 2005, around 5:00 p.m., Donovan Lindsay returned to his home in North Philadelphia and discovered someone had entered his home and removed some clothing and personal effects belonging to [Petitioner]. Around 5:45 p.m., Lindsay drove to a West Philadelphia neighborhood and parked and left his car in the middle of the street, engine still running. He walked over to a fence separating the sidewalk and the rear yard of a residence at 216 S. 49th Street where [Petitioner] and several others were sitting. For several moments, and just a few feet apart, [Petitioner] and Lindsay argued over the fence. When [Petitioner] pulled a semiautomatic handgun from his belt, Lindsay, who was unarmed, turned and ran off past his car and across and down the street. [Petitioner] fired off five rounds while moving onto the sidewalk,

>     hitting Lindsay in the back with two rounds that pierced his heart, liver, lung and kidney and caused his death at the scene[,]

R&R at 1, 2 (quoting Commonwealth v. Brown, No. 534 EDA 2008 (Pa. Super. Ct. Apr. 3, 2009);

 (g) Brown was arrested on May 28, 2006 and charged with one count of murder in the first degree, two counts of violating the Uniform Firearms Act, and one count of possession of an instrument of crime, all in violation of the relevant Pennsylvania statutes, id. at 2;

 (h) After a two-day bench trial, he was found guilty of one count of first degree murder, one count of violating the Uniform Firearms Act, and one count of possession of an instrument of crime and, on February 7, 2008 he was sentenced to life imprisonment, id.;

 (i) Thereafter, his trial counsel timely filed a Notice of Appeal and withdrew from representing him, id.;

 (j) On March 25, 2008, the trial court ordered Brown's appellate counsel to file a Pa. R. App. P. 1925(b) statement of matters complained of on appeal and gave Brown's counsel an additional twenty-one days, until April 18, 2008, to file such a statement, id. at 3;

 (k) On April 24, 2008, petitioner's counsel filed an untimely Pa. R. App. P. 1925(b) statement, raising seven issues:

> 1. The evidence was insufficient to support the charge of first degree murder;
> 2. The verdict was against the weight of the evidence;
> 3. The court erred in admitting taped testimony of Phillip Williams when the record failed to support a ruling of unavailability;[2]
> 4. The in-court identification by Sandra Claton was suggestive because she had made no post-incident or out-of-court identification before trial;
> 5. Trial counsel was ineffective for failing to challenge that in-court identification;

---

[2] Petitioner erroneously identified this witness as Paul Williams in his filing.

    6.  Trial counsel was ineffective for failing to (1) conduct an investigation or hire an investigator, (2) contact three eye-witnesses who would have testified Brown did not shoot the victim, or (3) meet with Brown to develop a defense;

    7.  Brown did not knowingly, intelligently or voluntarily waive his right to a jury trial because his counsel assured him the verdict would only be for third degree murder[,]

id. at 3, 4;

  (l)  Because the Pa. R. App. P. 1925(b) statement was untimely the trial court found all issues were waived, but nonetheless reached the merits holding that all the issues Brown raised were without merit, id.;

  (m)  On direct appeal, the Superior Court agreed and found the claims were waived due to untimeliness and affirmed the trial court's finding that the claims were without merit, id. at 4;

  (n)  By Order dated September 9, 2009 the Pennsylvania Supreme Court denied allocatur review, id.;

  (o)  On January 26, 2010 Brown filed a timely pro se collateral appeal pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA") and, with court-appointed counsel, subsequently sought relief in an Amended PCRA petition for three claims of trial counsel ineffectiveness for counsel's (1) representation that Brown would be found guilty of nothing more than third degree murder; (2) failure to object to the introduction of Williams's taped testimony;  and (3) failure to investigate Williams's background and immigration status to cast doubt on his credibility, id. at 5;

  (p)  Thereafter, the PCRA court dismissed Brown's claims and Brown appealed; the Superior Court affirmed the PCRA court's denial, and, on July 25, 2013, the Pennsylvania Supreme Court denied allocatur review, id. at 5, 6;

(q)     Brown then filed the present habeas petition, id. at 6;

(r)     Turning first to Brown's ineffective assistance claims, Judge Sitarski applied the familiar Strickland standard to consider Brown's allegations of trial counsel ineffectiveness, see Strickland v. Washington, 466 U.S. 668, 687 (1984);[3]

(s)     As to Brown's first ineffectiveness claim -- that trial counsel failed to conduct an adequate pretrial investigation -- Judge Sitarski observed that Brown had raised this issue in his initial pro se PCRA petition but that his Amended PCRA petition failed to raise it, and, accordingly, Brown failed to exhaust this claim because he did not argue it first through the Superior Court, R&R at 10;

(t)     Because the statute of limitations has run on Brown's PCRA claim, this claim is now procedurally defaulted, Judge Sitarski reasoned, id. at 11 (citing Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001));[4]

---

[3] Under Strickland v. Washington, 466 U.S. 668, we apply a two-pronged test for reviewing ineffective-assistance-of-counsel claims. A petitioner must prove both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) petitioner was prejudiced by that subpar performance.

[4] As our Court of Appeals therein explained,

> Federal courts may not consider procedurally defaulted claims unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. To show cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements, while to show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime by presenting new evidence of innocence.

Keller, 251 F.3d at 415-16 (internal citations, quotation marks and alterations omitted).

(u) Judge Sitarski also considered Brown's attempt to excuse his default by relying on Martinez v. Ryan, 132 S.Ct. 1309 (2012) (holding that a petitioner can demonstrate cause to excuse a procedural default if his state requires claims of trial counsel ineffectiveness to be deferred to state collateral proceedings and counsel at that initial post-conviction proceeding was ineffective for failing to raise trial counsel ineffectiveness), R&R at 11;

(v) Judge Sitarski concluded that Martinez does not help Brown because it requires that the habeas petitioner establish that the underlying claim of trial counsel ineffectiveness has "some merit," 132 S.Ct. at 1318, and Brown's claims that the "many people who witnessed the shooting" and unidentified others would have established his actual innocence, see Pet. habeas at 38, 39, 41, were unsubstantiated because Brown

> has not provided any evidence in support of his claim that counsel's pretrial preparation was inadequate. Indeed, he has not identified any potential witnesses by name, nor has he described, except in the broadest terms, the facts to which they would have testified. Such vague allegations cannot establish an ineffectiveness claim with some merit[,]

R&R at 12, 13 (internal citations omitted);

(w) Judge Sitarski recommends finding that this claim was not subject to federal habeas review because it is procedurally defaulted and Brown had not shown cause and prejudice under which the Court could excuse this default, id. at 13;

(x) As to Brown's claim that his counsel was ineffective for failing to object to pre-recorded testimony, Judge Sitarski concluded that this claim, too, lacked merit, id. at 14;

(y) Prior to trial the Commonwealth filed a motion to preserve Williams's testimony in case of future unavailability as he was in the custody of the Immigration and Naturalization Service ("INS") pending deportation to his native Jamaica, id.;

6

    (z)    Over petitioner's counsel's objections the trial court granted the prosecution's motion and Williams was transferred to Philadelphia where he testified under oath, before a judge and in Brown's presence and was subjected to cross-examination by Brown's counsel, id.; see also N.T. 12/5/2007 at 127;

    (aa)    The testimony was preserved on videotape, R&R at 14;

    (bb)    At the time of trial Williams was still in INS custody and the Commonwealth, arguing that he was unavailable, pressed to introduce his videotaped testimony at trial, id. at 15;

    (cc)    Brown's counsel and the Court then engaged in the following colloquy:

> Def.: Your Honor, just for the record, I'm not certain whether the availability of this witness is such today that he cannot be here in person. I understand he is under the aegis of the –
> Court: INS.
> Def.: Immigration and Naturalization Service. That doesn't mean he's not available at this point. If he's in the country, he's subject to subpoena.
> Court: Well, I don't know whether he's in the country.
> Def.: I don't know that either, Your Honor. I just want to make sure.
> Com.: Your Honor, I know he has been removed from the state of Pennsylvania and is either in Texas back where I had him brought up or he is now out of the country.
> Court: I'm going to rule that he's unavailable for the purposes of using his prerecorded testimony. I'll permit it[,]

id. at 15, 16 (quoting N.T. 12/5/2007 at 125-26);

    (dd)    On PCRA appeal, the Superior Court found that Brown's counsel had in fact objected, id. at 16 (quoting Commonwealth v Brown, No. 3132 EDA 2011 (Pa. Super. Ct. Dec. 18, 2012) ("[T]he record reflects—contrary to Appellant's contention—that trial counsel did object to the prerecorded testimony of a witness and the court ruled adversely to Appellant"));

7

(ee) Judge Sitarski agreed, concluding the state court's rejection of Brown's ineffectiveness claim was neither contrary to clearly established federal law as the Supreme Court construed it, nor an unreasonable application thereof, R&R at 16;

(ff) Finally, as to Brown's third ineffectiveness claim -- that his counsel advised him wrongly he would not be convicted of any crime more severe than third degree murder if he agreed to waive a jury trial -- Judge Sitarski was at pains to detail that the Superior Court addressed this very issue on direct appeal by reviewing the trial court's colloquy with Brown and she concluded that his waiver was "knowing and voluntary under Pennsylvania law, though it also noted that an ineffectiveness claim premised on the waiver would have to be asserted in collateral appeal," id. at 17 (citing Commonwealth v Brown, No. 534 EDA 2008, slip op. at 3, 9-10);

(gg) On collateral appeal, the PCRA court stated that this issue had been previously litigated and declined to reach the merits and, on appeal from that decision, the Superior Court reiterated its earlier finding that Brown had knowingly and voluntarily waived his jury right adding that Brown could not, under Pennsylvania law, "obtain post-conviction relief by claiming that he lied during his waiver colloquy," id. (quoting Commonwealth v. Brown, 3132 EDA 2011, slip op. at 3 (Pa. Super. Ct. Dec. 18, 2012)); see also Commonwealth v. Bishop, 645 A.2d 274, 277 (Pa. Super. Ct. 1994) ("it is clear that appellant may not obtain post-conviction relief by claiming that he lied during his waiver colloquy");

(hh) Judge Sitarski nevertheless concluded that "[i]t does not appear that the state courts ever reached the merits of Petitioner's claim that trial counsel was ineffective for rendering this advice" to Brown, "despite the question being properly before them on collateral review," R&R at 18;

(ii) She found that, even if Brown's claim is unexhausted, he had failed to establish deficient conduct by his trial counsel:

> Petitioner's mere allegation that he was induced to waive his right to a jury trial by counsel's statement does not overcome record evidence to the contrary. During the colloquy, Petitioner represented that his decision to waive his right to a jury trial was freely and deliberately given, made with full awareness of the nature of the right being abandoned and the consequences of the decision to abandon it, and without any promise or inducement[,]

id., and she recommends denying Brown habeas relief on this ground as this claim is without merit;

(jj) Turning to Brown's claim that the evidence was insufficient to convict him of first degree murder, Judge Sitarski applied the AEDPA standard of review (because Brown pressed this claim on direct appeal and the Superior Court denied it on the merits) to determine whether the Superior Court's denial was "contrary to . . or an unreasonable application of clearly established federal law," id. at 22 (quoting 28 U.S.C. § 2254(d));

(kk) Judge Sitarski applied the standard articulated in Jackson v. Virginia, 443 U.S. 307 (1979), where the Supreme Court held that on habeas review the federal court's task is to determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," id. at 319 (emphasis in original), and it may grant relief only if the record evidence adduced at trial showed "no rational trier of fact could have found proof of guilt beyond a reasonable doubt," id. at 324;

(ll) Of course, as Judge Sitarski rightly pointed out, "[t]he credibility of witnesses, the resolution of conflicts of evidence, and the drawing of reasonable inferences from proven facts"

are within the exclusive province of the factfinder and therefore beyond the scope of a federal court's habeas review," R&R at 22, 23 (citing Jackson, 443 U.S. at 319);

(mm)   Judge Sitarski found that both the trial court and Superior Court had applied Pennsylvania's standard for the sufficiency of the evidence, see Commonwealth v. Rodriquez, 989 A.2d 29, 31 (Pa. Super. Ct. 2010), which our Court of Appeals has held is consistent with the Jackson standard, see Evans v. Court of Common Pleas, Delaware Court, 959 F.2d 1227, 1232 (3d Cir. 1992), and she concluded that neither state court had applied a standard "contrary to" clearly established federal law as articulated by the Supreme Court, R&R at 23;

(nn)   Brown could only receive habeas relief by showing that the court's application of that standard to his case was "objectively unreasonable," id.;

(oo)   Judge Sitarski reviewed the Superior Court's findings and detailed the testimony of four witnesses and concluded that the evidence sufficed to prove Brown guilty of first degree murder, id. at 24, which, under Pennsylvania law, requires the evidence to establish that "a human being was unlawfully killed, that the [defendant] did the killing, and that the killing was done in an intentional, deliberate, and premeditated way," Commissioner v. Davido, 868 A.2d 431, 435 (Pa. 2005), and where specific intent to kill may be shown by circumstantial evidence that the killer used a deadly weapon on a vital part of the victim's body, R&R at 24;

(pp)   Because the trial evidence on the record could lead a rational factfinder to conclude that the elements of first degree murder had been satisfied beyond a reasonable doubt, Judge Sitarski found that the Superior Court's decision to uphold the trial court's judgment of sentence was not an objectively unreasonable application of the Jackson standard, and she recommends that Brown be denied relief as to this claim, id. at 26;

(qq)   Finally, Brown contends that his Confrontation Clause rights were violated when the trial court found Williams unavailable to testify and permitted his prerecorded testimony, id.;

(rr)   Judge Sitarski reviewed the record and found this claim procedurally defaulted because Brown raised it in his untimely Pa. R. App. P. 1925(b) statement and, as a result, the Superior Court declined to consider it, which she determined was an adequate and independent state ground, id. at 28;

(ss)   Because Brown has set forth no basis to show why his untimely Pa. R. App. P. 1925(b) statement should be excused, Judge Sitarski concluded he could not show cause and she could not, therefore, review this defaulted claim, id. at 28, 29 (citing Edwards v. Carpenter, 529 U.S. 446, 451 (2000));[5]

(tt)   Accordingly, she recommends denying habeas relief on this claim, id. at 29;

(uu)   We granted Brown an extension of time in which to file any objections and we now consider the objections he filed and review the state court file de novo;

(vv)   In his objections, Brown reviews his state court procedural history and Judge Sitarski's R&R and presses five claims: (1) based on Martinez, we should excuse the procedural default of his claim that trial counsel failed to conduct an adequate pretrial investigation, Obj. at 6-13, (2) trial counsel failed to object to the introduction of Williams's prerecorded testimony, id. at 13-16, (3) trial counsel was ineffective for advising him that waiving his right to a jury trial would avoid a conviction for first degree murder, id. at 17, 18, (4) the prosecution's evidence was insufficient to convict him of murder, id. at 18, 19, and (5) the procedural default of his Confrontation Clause claim should be excused and that claim heard, id. at 19, 20;

---

[5] Judge Sitarski also found that Brown had not established that the failure to review this claim would result in a miscarriage of justice. R&R at 29 (citing Keller, 251 F.3d at 415-16).

(ww) Turning first to Brown's claim that <u>Martinez</u> provides an avenue to permit consideration of his procedurally defaulted ineffectiveness claim, <u>Martinez</u> provides that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," 132 S.Ct. at 1315, but only where the petitioner can also "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit," <u>id.</u> at 1318;

(xx) Brown's objection that trial counsel's investigation would have unearthed witnesses who could testify that he was not the shooter suffers from the same deficiency as his earlier claim -- that is, he again fails to identify who these witnesses might be and what they would attest to, relying instead on generalized statements that "numerous neighbors" in this residential area witnessed the shooting and that their testimony would have demonstrated that the prosecution's witness, Williams, lied when he testified that he saw Brown shoot the victim, Obj. at 10;

(yy) We cannot sustain Brown's objection on this claim;

(zz) To begin with, contrary to his contention that "the Commonwealth rested [its] entire case" on Williams, <u>id.</u>, the Commonwealth called several other witnesses who were present during the shooting and who buttressed Williams' testimony, <u>see</u>, <u>e.g.</u>, N.T. 12/5/2007 at 46-80;

(aaa) Equally to the point for Brown's assumption regarding available witnesses, testimony at trial placed Brown in the presence of others, indicating he was no stranger in the neighborhood and was, therefore, in a position to name anyone potentially helpful to him, <u>see</u>, <u>e.g.</u>, <u>id.</u> at 50-51;

(bbb)   We conclude, as Judge Sitarski did, that <u>Martinez</u> does not provide grounds to excuse Brown's procedural default because his underlying claim of trial counsel ineffectiveness lacks merit;

(ccc)   Next, Brown contends that his counsel's colloquy with the trial court concerning the taped Williams testimony does not constitute an objection;

(ddd)   The Superior Court concluded otherwise, <u>see</u> <u>Commonwealth v Brown</u>, No. 3132 EDA 2011 (Pa. Super. Ct. Dec. 18, 2012) ("[T]he record reflects—contrary to Appellant's contention—that trial counsel did object to the prerecorded testimony of a witness and the court ruled adversely to Appellant");

(eee)   As we explained above, the relevant standard for our review is whether the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);

(fff)   What's more, our review of a state court's finding that trial counsel was not ineffectual must be "doubly deferential", <u>see</u> <u>Collins v. Secretary of Pennsylvania Dept. of Corrections</u>, 742 F.3d 528, 546 (3d Cir. 2014) ("On habeas review, we are doubly deferential in considering counsel's performance: the state court was obligated on post-conviction review to view that performance deferentially, and, under AEDPA, we must give wide deference to the state court's conclusions, disturbing them only if the state court unreasonably applied either of the prongs of <u>Strickland</u>.");

(ggg)   Under such narrow strictures, we cannot conclude that the Superior Court was unreasonable in finding that Brown's counsel in fact objected and it did not unreasonably conclude that Brown's counsel's representation fell below an objective standard of reasonableness;

(hhh) Accordingly, the Superior Court's rejection of Brown's claim is not contrary to established federal law or an unreasonable application thereof and we agree with Judge Sitarski that relief for this claim, too, should be denied;

(iii) As to Brown's next objection -- that his counsel was ineffective for assuring him he would not be found guilty of first degree murder if he waived his right to a jury trial -- we review the record of the extensive colloquy between the defendant and the trial court:

> Court: Mr. Brown, my name is Judge Temin and your case is listed before me for trial starting today. I understand from your lawyer, Mr. Tinari, that instead of having a jury trial, you want to be tried before me sitting without a jury, is that correct?
> Def.: Yes, Your Honor.
> Court: Before I can allow you to do that, I just have to ask you some questions to make sure that you understand all the rights you're giving up when you give up your right to a jury trial and that you're doing it of your own free will. Did you go over this written jury trial waiver with your lawyer?
> Def.: Yes, Your Honor.
> Court: All right. And is this your signature on the last page?
> Def.: Yes, Your Honor.
> Court: Did you sign it of your own free will?
> Def.: Yes, Your Honor.
> Court: Do you understand everything that's written on this form?
> Def.: Yes, Your Honor.
> Court: Now, it says here that you're 30 years old and you finished the 11th grade, is that right?
> Def.: Yes, Your Honor.
> Court: So I assume you read, write and understand English.
> Def.: Yes, Your Honor.
> Court: It also says you have never been a patient in a mental institution; is that correct?
> Def.: Yes, Your Honor.
> Court: You've never been treated for a mental illness?
> Def.: Yes, Your Honor.
> Court: Are you right now under the influence of any drugs, alcohol or medication?
> Def.: No, Your Honor.

> Court: Do you understand. . . that you have an absolute right to have a trial with a jury in this matter[?] Do you understand that?
> Def.: Yes, Your Honor.
> Court: Do you understand that if you wanted a jury trial, we would just send down to the jury room immediately for 60 people, who would be our panel, and they would come up and you would have the right to help, you know, to pick a jury from that panel. Do you understand that?
> Def.: Yes, Your Honor.
> Court: And do you understand that you would have the right to participate personally in the selection of the jury.
> Def.: Yes, Your Honor.
> Court: You understand that?
> Def.: Yes, Your Honor.

See Commonwealth v. Brown, CP-51-CR-0712711-2006 (Ct. of Common Pleas, Phila. Cty. May 9, 2008, N.T. at 6-8);

    (jjj)    In addition to the colloquy concerning his trial rights and the burden of proof, the trial court judge also discussed with Brown the charges he faced:

> Court: Now, do you also understand that you are being tried on the charge of murder in the first degree, which is punishable by a maximum sentence of life. . . ?
> Def.: Yes, Your Honor.
> Court: That you also will be charged with murder in the third degree, which is punishable by a maximum sentence of 20 to 40 years imprisonment?
> Def.: Yes, Your Honor.
> Court: With violation of Uniform[] Firearms Act. . . which is punishable [with] three-and-a-half to seven years in prison, and possessing an instrument of crime, which is punishable by two-and-a-half to five years in prison. Do you understand that?
> Def.: Yes, Your Honor.
> Court: So that you're facing, if you were convicted of all the most serious crimes, you would be facing life imprisonment plus 12 years imprisonment. Do you understand that?
> Def.: Yes, Your Honor.
> Court: Right now, knowing that, do you still wish to be tried by me sitting without a jury?
> Def: Yes.
> Court: Pardon?

15

>
> Def.: Yes, Your Honor.
> Court: Yes? Has anybody promised you anything in order to get you to give up your right to a jury trial?
> Def.: No, Your Honor.
> Court: Has anybody used any force or threatened you?
> Def.: No, Your Honor.
> Court: Are you doing it of your own free will?
> Def.: Yes, Your Honor.
> Court: And have you discussed this issue about how you should be tried with Mr. Tinari?
> Def.: Yes, Your Honor.
> Court: Have you had an opportunity to fully explore this issue with him?
> Def.: (Pause). Yes, Your Honor.
> Court: Are you sure of that?
> Def.: Yes.
> Court: Pardon?
> Def.: Yes, Your Honor.

id. at 8-9;

(kkk)  This colloquy leaves no doubt that Brown knowingly and voluntarily waived his right to a jury trial;

(lll)  We readily conclude, as did Judge Sitarski, that Brown's allegation he was induced to waive his right to a jury trial simply does not stand up to overwhelming record evidence to the contrary, see Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity"), and Brown accordingly cannot show that counsel's representation fell below an objective standard of reasonableness, let alone that he was prejudiced;

(mmm)  As to Brown's objection that the prosecution's evidence was insufficient to convict him of first degree murder, a claim Brown presented to the trial court and on direct appeal, and which the Superior Court denied on the merits, the AEDPA's deferential standard of review permits us to ask only whether the Superior Court's denial was "was contrary to, or

involved an unreasonable application of, clearly-established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);

(nnn) That is to say, we do not review the factual findings but only consider whether the Superior Court's standard for reviewing that claim meets the Supreme Court's clearly established standard as articulated in Jackson:

> the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[,]

Jackson, 443 U.S. at 318-19 (internal citation and quotation marks omitted);

(ooo) The Superior Court applied Pennsylvania's standard for evaluating insufficiency of the evidence claims (which our Court of Appeals has held is consistent with the federal standard Jackson articulated) in order to review whether the trial court had established each element of first degree murder, see Commonwealth v. Brown, No. 534 EDA 2009 (Pa. Super. Ct. Apr. 3, 2009) at 4, 5 -- and it concluded it had;[6]

(ppp) Brown had argued that the victim's aggressive demeanor should have "resulted in a third rather than a first-degree murder verdict," id.;

---

[6] The Superior Court also reviewed at length the testimony from two witnesses who saw Brown shoot the victim, one who saw the victim get shot and another who saw Brown in the area shortly before the shooting. Commonwealth v. Brown, No. 534 EDA 2009 (Pa. Super. Ct. Apr. 3, 2009) at 6.

(qqq)   But the Superior Court held otherwise, applying Pennsylvania law that holds "[e]vidence is sufficient to sustain a first-degree murder conviction when the Commonwealth established that the defendant acted with the specific intent to kill, that a human being was unlawfully killed, and the person accused did the killing. . . with premeditation and deliberation," id. at 5 (quoting Commonwealth v. Spotz, 759 A.2d 1280, 1283 (Pa. 2000));

(rrr)   The Superior Court concluded that the fact that the victim was shot while fleeing was evidence of "malice and specific intent to kill," id. at 7 (quoting Commonwealth v. Cruz, 919 A.2d 279, 281 (Pa. Super. Ct. 2007)), and denied Brown's claim;

(sss)   Because there is evidence in the record that could lead a rational factfinder to conclude that the elements of first-degree murder were satisfied beyond a reasonable doubt, we do not find the Superior Court's decision to uphold the trial court to be an objectively unreasonable application of the Jackson standard;

(ttt)   Brown is not entitled to relief on this claim;

(uuu)   Finally, we turn to Brown's objection that his Confrontation Clause rights were violated when the trial court permitted Williams's pretaped testimony rather than having him brought to court to testify;

(vvv)   As detailed above, the Superior Court found this claim procedurally defaulted as untimely but considered the merits, and therefore we will do so as well, under the well-worn deferential AEDPA standard pursuant to 28 U.S.C. § 2254(d);[7]

(www)   The Supreme Court has held that out-of-court testimonial statements may not be offered against a defendant at trial unless the declarant of the statement is unavailable and the defendant had an opportunity to cross-examine the declarant, see Crawford v. Washington, 541

---

[7] See Rolan v. Coleman, 680 F.3d 311, 327 (3d Cir. 2012) (holding prior cross-examination of an unavailable witness satisfies the Confrontation Clause.)

U.S. 36, 68 (2004) ("Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.");

(xxx)   Our task, then, is to consider whether the Superior Court's determination that admitting Williams's testimony did not violate Brown's Confrontation Clause rights satisfies AEDPA review;

(yyy) On September 26, 2007, the parties appeared before the trial court to preserve Williams's testimony on the record, see N.T. 9/26/07 at 4;

(zzz)   Brown was present with his counsel, who cross-examined Williams not only on the events surrounding the shooting, but also on his immigration status, his occupation as a marijuana dealer and his prior arrest for gun possession – all of which Brown contends undermined Williams's credibility as a witness, id. at 70-75;

(aaaa) The entire videotape, including the extensive cross-examination, was played for the trial judge, see N.T. 12/5/2007 at 127, 128;

(bbbb) We conclude that this opportunity for cross-examination suffices to satisfy the Confrontation Clause, see Delaware v. Fensterer, 474 U.S. 15, 20 (1985) ("the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish") (emphasis in original);

(cccc)  We will also deny Brown's objections as to this claim for relief;

(dddd) Finally, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . .

. is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

(eeee) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000), and since Brown's claims were dismissed on procedural grounds, he bears the additional burden of showing that reasonable jurists would also debate whether the procedural ruling was correct, id.; and

(ffff) We do not believe that reasonable jurists could debate the conclusion that Brown's petition does not state a valid claim for the denial of a constitutional right and that he also cannot overcome his procedural default;

(gggg) We therefore decline to issue a certificate of appealability;

It is hereby ORDERED that:

1. Brown's objections are OVERRULED;

2. Judge Sitarski's Report and Recommendation is ADOPTED and APPROVED;

3. Brown's petition for a writ of habeas corpus is DENIED WITH PREJUDICE and DISMISSED;

4. There being no warrant for a certificate of appealability, we DECLINE to issue one; and

5. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

  /s/ Stewart Dalzell, J.
Stewart Dalzell, J.